IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR DARBY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv500-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Arthur Darby, Jr.'s 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. Doc. No. 1.[1]

### I.   BACKGROUND

On June 4, 2013, Darby pleaded guilty under a plea agreement to the following counts in a felony information: attempted aggravated assault of a federal employee, in violation of 18 U.S.C. § 111(a) & (b) (Count 1); discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possession of a firearm in a federal facility, in violation of 18 U.S.C. § 930(b). Doc. No. 10-3. Darby's § 924(c) conviction under Count 2 relied on a determination that his § 111 conviction under Count 1 was a "crime of violence." *See* Doc. No. 10-1 at 1–2. Darby's offense conduct involved his entry into a Montgomery, Alabama post office with two loaded handguns, which he

---

[1] References to "Doc. No(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

then fired at two post office employees, narrowly missing them. Doc. No. 10-3 at 20–22; Doc. No. 10-4 at 6–7. After a sentencing hearing on November 14, 2013, the district court sentenced Darby to 120 months and 1 day in prison, consisting of 1 day on Counts 1 and 3, to run concurrently, and 120 months on Count 2, to run consecutively to Counts 1 and 3. Doc. No. 1-1 at 3. Darby did not appeal.

On June 23, 2016, Darby filed this § 2255 motion arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his § 111 conviction for attempted aggravated assault of a federal employee can no longer be considered a predicate "crime of violence" for his § 924(c) conviction, and therefore his conviction and sentence under § 924(c) are invalid. Doc. No. 1 at 7–11. For the reasons that follow, the court finds Darby's § 2255 motion should be denied and this case dismissed with prejudice.

## II.  DISCUSSION

Title 18 § 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment. If, as in Darby's case, the firearm is discharged during the crime, the consecutive sentence shall be "not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(iii).

For purposes of § 924(c), a "crime of violence" is defined as a felony offense that:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>  (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the "§ 924(c)(3)(B) residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

A separate but similar sentencing provision, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[2] defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

>  (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>  (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first part of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second part, § 924(e)(2)(B)(ii), is itself split into two clauses: the first clause, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second clause is known as the "residual clause." *Id.*

In *Johnson v. United States*, decided on June 26, 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *See* 135 S.Ct. at 2557–59, 2563. Based on that holding, the Court concluded that "imposing an increased [ACCA]

---

[2] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) (by possessing a firearm as a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

3

sentence under the residual clause … violates the Constitution's guarantee of due process." *Id*. at 2563.  The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  *Id*. at 2563.

In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).  In the wake of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed "violent felonies" under the ACCA's residual clause can challenge their ACCA sentences through § 2255 motions.

*Johnson* did not address the validity of the definition of a "crime of violence" found in 18 U.S.C. § 924(c).  However, Darby argues that the holding in *Johnson* applies to § 924(c); that *Johnson* invalidates the "§ 924(c)(3)(B) residual clause" (whose language is similar to that of the ACCA's unconstitutionally vague residual clause); and that aggravated assault of a federal employee under 18 U.S.C. § 111 does not meet the definition of a crime of violence under the "use-of-force clause" in § 924(c)(3)(A).  Thus, he argues that his 924(c) conviction, which relied on his conviction under § 111 as the predicate "crime of violence," cannot stand.  Doc. No. 1 at 7–11.

Whether the holding in *Johnson* extends to the residual clause in § 924(c)(3)(B) is currently an open question in the Eleventh Circuit.  Until recently, that question seemed to be settled by *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), in which the Eleventh Circuit held that *Johnson* did not apply to § 924(c) and concluded expressly that "*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force'

clause [i.e., the residual clause] in § 924(c)(3)(B)." 861 F.3d at 1265. On May 15, 2018, however, the Eleventh Circuit vacated its panel opinion in *Ovalles* and ordered that the case be reheard en banc. *Ovalles v. United States*, 889 F.3d 1259 (11th Cir. 2018); *see* Eleventh Circuit General Order No. 43, May 17, 2018.

Nevertheless, the Eleventh Circuit has stated: "Even assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based … [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). To resolve Darby's claim, then, this court must answer the question whether his 18 U.S.C. § 111 conviction is a "crime of violence" for purposes of the § 924(c)(3)(A) use-of-force clause.

To determine whether a predicate offense constitutes a "crime of violence" under § 924(c)(3), the court first looks only to the statutory definition of the predicate crime. *See United States v. St. Hubert*, 883 F.3d 1319, 1331 (11th Cir. 2018). The court is to focus on the elements of the predicate crime, while ignoring the particular facts of the case. *United States v. Keelan*, 786 F.3d 865, 870–71 (11th Cir. 2015). That is, the court considers whether the elements of the offense are of the type that would justify its inclusion as a crime of violence, without inquiring into the specific conduct of the defendant. *Id.* This approach, first announced in *Taylor v. United States*, 495 U.S. 575, 602 (1990), is known as the "categorical approach." Under the categorical approach, each of the means of committing aggravated assault of a federal employee under § 111—including the "most

innocent conduct" that may be penalized under the statute—must qualify under the § 924(c)(3)(A) use-of-force clause.

However, courts can use what is called "the modified categorical approach" if the statute that defines the predicate crime is "divisible"—that is, if the statute list elements in the alternative and thereby defines multiple versions of the crime. *Descamps v. United States*, 570 U.S. 254, 257–58 (2013); *see United States v. Lockett,* 810 F.3d 1262, 1266 (11th Cir. 2016). The modified categorical approach allows courts to consult a limited category of documents known as "*Shepard* Documents"[3]—including charging papers, written plea agreements, plea colloquy transcripts, and jury instructions—to figure out which version of the predicate crime the defendant was convicted of. *See Lockett,* 810 F.3d at 1266. Once a statute is deemed divisible, the task for the court, under the modified categorical approach, is to determine which of the statute's alternative bases for committing the crime formed the basis of the defendant's conviction. *See Descamps*, 570 U.S. at 262–63.

Title 18 § 111 defines the offense of assault of a federal employee as follows:

> (a) In general. —Whoever—
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where the acts in violation of this section constitute

---

[3] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

6

>only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
>(b) Enhanced penalty.— Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

Every court to have considered the issue has recognized that § 111 is a divisible statute defining separate crimes:

> This statute sets forth "three separate crimes whose elements must all be submitted to a jury." *[United States v.] Gagnon*, 553 F.3d [1021,] at 1024 [(6th Cir. 2009).] Two crimes are established in § 111(a): a misdemeanor ("cases involving 'only simple assault'") and a felony ("all other cases"). *Id*. (quoting 18 U.S.C. § 111(a)). We explained the difference between these two crimes in *Gagnon*. A misdemeanor violation of § 111(a) occurs when a defendant forcibly commits "any of the prohibited actions listed in § 111(a)(1) and § 111(a)(2), while 'all other cases' covers the commission of these same violations plus the intent to commit a felony or resulting physical contact from forcible (and thus intentional) action." *Id*. at 1027. The third crime—an "aggravated felony"—is committed by violating § 111(b), which prohibits "violations of § 111 that either involve a deadly or dangerous weapon or result in bodily injury." *Id*. at 1024.

*United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016). *See United States v. Taylor*, 848 F.3d 476, 492 (1st Cir. 2017) (citation omitted) ("As between subsections (a) and (b), the statute is plainly divisible: the subsections are set out in the alternative and each carries its own penalties. Subsection (a) is likewise divisible because it sets out elements in the alternative—a defendant can be convicted of "simple assault" under § 111(a) with or

7

without coming into physical contact with the officer or the intent to commit another felony—and each alternative carries its own penalties.");

"Because § 111 is a divisible statute, the modified categorical approach permits us to consult the *Shepard* documents to determine which of the alternative statutory phrases formed the basis for [Darby's] § 111 conviction." *United States v. Hernandez–Hernandez*, 817 F.3d 207, 213 (5th Cir. 2016). From the *Shepard* documents, it is a simple matter to deduce that Darby was convicted under § 111(b), the more serious felony provision of the statute. First, Count 1 of the felony information charged Darby with violating "Title 18, United States Code, Sections 111(a)(1) and (b)." Doc. No. 10-1 at 2. The citation to § 111(a)(1) and (b) in the information indicates that subpart (b) was the operative statutory provision. "[T]he acts described in subpart (a)(1) of § 111—forcibly assaults, resists, opposes, impedes, intimidates, or interferes—are, by the very language of the statute, necessary elements of all § 111 offenses; *ergo*, a citation to (a)(1) reveals less about the specific statutory provision at play than a citation to subpart (b)." *Hernandez-Hernandez*, 817 F.3d at 214 n.7. Second, the written plea agreement stated that Darby was pleading guilty to violating § 111(b) and listed the maximum sentence he faced upon conviction as 20 years in prison, a sentence applicable only to § 111(b) crimes. Doc. No. 10-2 at 2. The elements of the § 111(b) offense set forth in the written plea agreement provided: "(1) The defendant (attempted to) forcibly assault the persons described in the information; and (2) The persons intended to be assaulted were Federal employees performing an official duty; and (3) *The defendant used a deadly or dangerous weapon (a firearm)*." *Id.* at 3 (emphasis added). Use of a deadly or dangerous weapon is a requirement of subpart (b) alone in §

111. At the change of plea hearing, the magistrate judge advised Darby that these same elements, including use of a deadly or dangerous weapon, made up the count to which Darby was pleading guilty, which the magistrate judge described as violating 18 U.S.C. § 111(b). Doc. No. 10-3 at 19. Darby acknowledged in open court that he understood these elements of his offense. *Id*. at 20. Finally, as part of the factual basis for his plea, Darby acknowledged that he intentionally discharged a firearm in an attempt to assault federal employees. *Id*. at 20–21. Thus, it is clear that Darby was charged with, pleaded guilty to, and was convicted of a § 111(b) offense.

In *Taylor*, *supra*, the defendant claimed, like Darby, that his § 111(b) conviction was not a crime of violence under the § 924(c)(3)(A) use-of-force clause. In rejecting the defendant's claim, the First Circuit noted:

> In assessing whether the enhanced versions of § 111(b) are crimes of violence, we do not write on a clean slate. In fact, every court we are aware of that has considered the issue has found that it is because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury. *United States v. Rafidi*, 829 F.3d 437, 445–46 (6th Cir. 2016); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016) (decided under Sentencing Guidelines § 2L1.2); *United States v. Green*, 543 Fed. Appx. 266, 272 (3d Cir. 2013) (decided under Sentencing Guidelines § 4B1.1); *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (decided under 18 U.S.C. § 16). These courts' rationale comports with our precedent, and so we agree.

848 F.3d at 492–93.

In *United States v. Rafidi*, mentioned in *Taylor*, the Sixth Circuit reasoned as follows in holding that a § 111(b) conviction constitutes a crime of violence under the § 924(c)(3)(A) use-of-force clause:

> In order to establish a violation of § 111(b), … the government must establish a violation of § 111(a) in addition to the use of a deadly or dangerous weapon or the "inflict[ion] [of] bodily injury." *[United States v.] Gagnon*, 553 F.3d [1021,] at 1024 [(6th Cir. 2009).] "Section 111(a)(1) contains four distinct elements; the government must show that the defendant: (1) forcibly (2) assaulted, resisted, opposed, impeded, intimidated, or interfered with (3) a federal officer (4) in the performance of his duties." *United States v. Kimes*, 246 F.3d 800, 807 (6th Cir. 2001). We thus consider whether § 111(b)—and not § 111(a), by itself—"has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* § 924(c)(3)(A). More specifically, we must determine whether § 111(b) has as an element the use or attempted use of "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ("*Johnson I*") (interpreting the "use of physical force" clause under the ACCA); *see also Leocal v. Ashcroft*, 543 U.S. 1, 11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (construing the term "crime of violence" in 18 U.S.C. § 16—essentially identical to § 924(c)(3)—as "suggest[ing] a category of violent, active crimes"). We hold that it does.
>
> Significantly, a defendant must act "forcibly" to violate § 111. *See Kimes*, 246 F.3d at 807. The element of force may be satisfied in two ways, each of which is sufficient to categorize § 111(b) as a "crime of violence." First, this element "may be satisfied by proof of actual physical contact." *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995); *see also United States v. Chambers*, 195 F.3d 274, 277 (6th Cir. 1999) (relying on *Street*'s definition of "forcibly"). Rafidi contends that this element does not require the "use of force" as interpreted by *Johnson I* because "violent force" is not required; rather, Rafidi argues, the element may be established through any degree of physical contact. Appellant Br. at 22–23; *see United States v. Dominguez–Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014) (holding that § 111(a) is not a "crime of violence" for purposes of U.S.S.G. § 2L1.2 because "a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer" (internal quotation marks omitted)). But although this might prevent § 111(a) from being a categorical "crime of violence"—an issue that we do not decide—a violation of § 111(b) involving a deadly weapon is meaningfully different than a violation of § 111(a), by itself. As we explained in *United States v. Rede–Mendez*, 680 F.3d at 558, "[n]ot every crime becomes a crime of violence when committed with a deadly weapon." But if a statute "ha[s] as an element some degree of, or the threat of, physical force in the more general sense," then "the use of a deadly weapon may transform" this more general "force into the necessary 'violent force'" to constitute a "crime of violence" within the meaning of

10

> *Johnson I*. *Id*. Under this reasoning, if a defendant commits a violation of § 111 through intentionally causing physical contact with the federal officer—even if this physical contact is not in itself "capable of causing physical pain or injury," *Johnson I,* 559 U.S. at 140, 130 S.Ct. 1265—§ 111(b)'s additional required element of using a deadly weapon during this encounter would elevate this lower degree of physical force into "violent force" sufficient to establish § 111(b) as a "crime of violence." *See Rede–Mendez*, 680 F.3d at 558.
>
> Second, in the absence of physical contact, "[t]he element of force necessary for a conviction under [§ 111] may be shown by 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.'" *Chambers*, 195 F.3d at 277 (internal quotation marks omitted); *see also United States v. Mtola*, 598 Fed. Appx. 416, 421 (6th Cir. 2015). Thus, even if the defendant did not come into physical contact with the officers at all, the government still must establish the "forcible" element, and "a threat or display of physical aggression" sufficient "to inspire fear of pain, bodily harm, or death" constitutes the "threatened use of physical force" within the meaning of *Johnson I*. *Chambers*, 195 F.3d at 277.

829 F.3d at 445–46.

This court joins other courts that have considered this issue in concluding that a conviction under § 111(b) includes as an element "the use, attempted use, or threatened use of physical force against the person or property of another," meaning that a conviction under § 111(b) constitutes a "crime of violence" under the § 924(c)(3)(A) use-of-force clause.[4]

---

[4] *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (a § 111(b) conviction qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause); *United States v. Rafidi*, 829 F.3d 437, 445–46 (6th Cir. 2016) (same); *United States v. Kendall*, 876 F.3d 1264, 1270–71 (10th Cir. 2017) (same); *United States v. Wing*, 2018 WL 1616856, at *4 (10th Cir. Apr. 4, 2018) (same); *United States v. Cole*, 722 F. App'x 749, (Mem)–750 (9th Cir. 2018) (same); *United States v. Bates*, 2017 WL 9439178, at *13 (N.D. Ga. June 1, 2017), report and recommendation adopted, 2017 WL 3158762 (N.D. Ga. July 24, 2017) (same); *United States v. Bell*, 158 F. Supp. 3d 906, 918 (N.D. Cal. 2016) (same); *United States v. Suesue*, 2018 WL 2294215, at *8 (D. Alaska April 19, 2018), report and recommendation adopted, 2018 WL 2293927 (D. Alaska May 18, 2018) (same); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016) (decided under Sentencing Guidelines § 2L1.2); *United States v. Green*, 543 F. App'x 266, 272 (3d Cir.

(continued…)

The Eleventh Circuit has recognized that where a substantive offense qualifies as crime of violence under the § 924(c)(3)(A) use-of-force clause, the attempt to commit that offense equally qualifies as a crime of violence under the same clause. *See United States v. St. Hubert*, 883 F.3d 1319, 1333–34 (11th Cir. 2018) ("[T]he definition of a crime of violence in § 924(c)(3)(A) equates the use of force with attempted force, and thus the text of § 924(c)(3)(A) makes clear that actual force need not be used for a crime to qualify under § 924(c)(3)(A).").

Because a conviction under § 111(b) is a crime of violence under the § 924(c)(3)(A) use-of-force clause, Darby's conviction for attempted aggravated assault of a federal employee under § 111(b) is a crime of violence under that same clause. Therefore, Darby's § 924(c) conviction—which relied on a determination that his § 111 conviction was a crime of violence—is still valid following *Johnson*. And because Darby's *Johnson* claim lacks merit, the court need not address the government's other arguments.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and his case DISMISSED WITH PREJUDICE.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 22, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

---

2013) (decided under Sentencing Guidelines § 4B1.1); *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (decided under 18 U.S.C. § 16).

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  See *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done, on this the 8th day of August, 2018.

                                                    /s/ Susan Russ Walker_____
                                                    Susan Russ Walker
                                                    United States Magistrate Judge